IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>HEART II HEART, LLC, a company, and TONI CHANDLER DUNCAN, individually, and as owner, and as corporate officer of the aforementioned company.<br><br>Defendants. | Civil Action No. _____ |

**COMPLAINT**

Plaintiff, R. Alexander Acosta, United States Department of Labor ("Plaintiff") brings this action to enjoin HEART II HEART, LLC, a company, and TONI CHANDLER DUNCAN, individually, and as owner, and as corporate officer of the aforementioned company, (collectively, "Defendants"), from violating the provisions of Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act, and an equal amount due to the employees of Defendants in liquidated damages.

1.  Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2.  Defendant HEART II HEART, LLC, is a limited liability company duly organized under the laws of the Commonwealth of Pennsylvania, with a registered address at 242 Industry Street, Pittsburgh, PA 15210 and a main place of business at 1670 Relative Drive,

Pittsburgh, PA.  Defendant is engaged in providing personal care services to developmentally disabled adults living in several group homes owned or leased by Defendants in and near Verona, PA, within the jurisdiction of this court.

3. Defendant TONI CHANDLER DUNCAN is the chief executive officer and owner of Heart II Heart.  Defendant Duncan has actively controlled and managed Heart II Heart, has directed employment practices and has directly or indirectly acted in the interest of Heart II Heart in relation to its employees at all times relevant herein, including hiring and firing employees, setting employees' conditions of employment, including schedules and the rates and methods of compensation,  and supervising employees day-to-day.  Defendant Duncan is directly or indirectly involved in the classification of Heart II Heart employees.  Defendant Duncan is an employer of said employees within the meaning of Section 3(d) of the Act.

4. The business activities of Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

5. Defendants have employed and are employing employees in and about their place of business in the activities of an enterprise engaged in the operation of an institution primarily engaged in the care of the sick, the aged or the mentally ill or defective who reside on the premises of such institution within the meaning of Section 3(s)(1)(B) of the Act.

6. Defendants willfully violated the provisions of Sections 6 and 15(a)(2) of the Act by employing direct care workers, program specialists, and house coordinators/managers ("employees") in an enterprise engaged in commerce or in the production of goods for commerce and compensating these employees at rates less than the applicable statutory minimum rate

prescribed in Section 6 of the Act. Therefore, Defendants are liable for unpaid minimum wages and an equal amount of liquidated damages under Section 16(c) of the Act.

For example: During the time period from at least February 1, 2015, through at least August 18, 2017, Defendants improperly required all employees to attend a mandatory work orientation over the span of several days without paying the employees for the hours working during the mandatory work orientation.

7. Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act.

For example: During the time period from at least February 1, 2015, through at least August 18, 2017, Defendants failed to compensate their employees, including direct care workers, program specialists and house coordinators/managers, who worked over 40 hours in a workweek one and one-half times their regular rate.  Workweeks for many of these employees ranged from approximately 40 to approximately 70 hours, but these employees did not receive time and one-half their regular rate for their overtime hours.

8. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516. Specifically, Defendants failed to make, keep, and preserve records containing

employees' full names, home addresses, dates of birth, and sex. 29 C.F.R. §§ 516.2(a)(1)-(4). Additionally, Defendants failed to display a notice explaining the Act in conspicuous places in every establishment where such employees are employed as prescribed under 29 C.F.R. § 516.4.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(2) For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period of February 1, 2015, through August 18, 2017, and for an equal amount due to certain of Defendant's current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after August 18, 2017, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint; or

(3) In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due defendants' employees and

prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

    Respectfully submitted,

    Nicholas C. Geale
    Acting Solicitor of Labor

    Oscar L. Hampton III
    Regional Solicitor

    Adam F. Welsh
    Regional Counsel for Wage and Hour

    */s/ Bertha M. Astorga*
    Bertha M. Astorga
    Attorney (PA 320644)
    Astorga.bertha.m@dol.gov

    */s/ John A. Nocito*
    John A. Nocito
    Attorney (PA 87973)
    Nocito.john@dol.gov

    Office of the Solicitor, Region III
    Suite 630 East, The Curtis Center
    170 South Independence Mall West
    Philadelphia, PA 19106-3306
    (215) 861-5126 (Phone)
    (215) 861-5162 (Fax)

    U.S. DEPARTMENT OF LABOR

    Attorneys for Plaintiff