IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

R. ALEXANDER ACOSTA *Secretary of Labor, United States Department of Labor*,

Plaintiff,

v.

HEART II HEART, LLC *a company*,
TONI CHANDLER DUNCAN *individually, and as owner, and as corporate officer of the aforementioned company,*

Defendants.

17cv1242
ELECTRONICALLY FILED

### **Memorandum Order on Motion to Compel ([doc. 20](doc.%2020))**

Pending before this Court is Defendants' Motion to Compel ([doc. 20](doc.%2020)) in this Fair Labor Standards Act (FLSA) lawsuit brought by R. Alexander Acosta, Secretary of Labor, against Heart II Heart, LLC et al., and Plaintiff's Response in Opposition thereto ([doc. 23](doc.%2023)). Defendants are asking this Court to compel the Secretary to produce the unredacted versions of Bates labeled documents DOL 5-13 and DOL 71-102. The Court will compel production of the unredacted version of DOL 71-102, but will not compel production of DOL 5-13.

Fed. R. Civ. P. 26(b)(1) states that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the

proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."

The Secretary has asserted claims of government informant privilege as to DOL 71-102. This document, entitled Personal Interview Statements, provides interview statements of informants during the Department's investigation. In *Mitchell v. Roma*, 265 F.2d 633, 635 (3d Cir. 1959), the United States Court of Appeals for the Third Circuit long ago set forth the following, which explains the nature of the privilege for communications by informers.

> The privilege for communications by informers to the government is well established and its soundness cannot be questioned. 8 Wigmore, Evidence, 2374 (3rd ed.); Rule 230, American Law Institute Model Code of Evidence; Rule 36, Uniform Rules of Evidence drafted by the National Conference of Commissioners on Uniform State Laws. The courts should be solicitous to protect against disclosures of the identity of informers. Bowman Dairy Co. v. U.S., 341 U.S. 214, 221, 71 S.Ct. 675, 95 L.Ed. 879.
>
> The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of violations of law to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation. Roviaro v. U.S., 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639.
>
> However, the privilege must give way where the disclosure of an informer's identity is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, Roviaro, supra, 353 U.S. at pages 60-61, 77 S.Ct. at page 628. As it is put in the Model Code and Uniform Rules, supra, the privilege exists unless the judge finds that the disclosure of the informer's identity is essential to assure a fair determination of the issues.

After determining whether the privilege was properly invoked, the issue turns to whether Plaintiff should be forced to lift it and disclose information to Defendants. *Perez v. American Future Systems*, Inc. 2013 WL 5728674 (E.D. Pa. Oct. 21, 2013)(unreported). "Generally, in questions involving the privilege, the interests to be

balanced . . . are the public's interest in efficient enforcement of the Act, the informer's right to be protected against possible retaliation, and the defendant's need to prepare for trial." *Solis v. Delta Oil Co., Inc.,* 2012 WL 1680101 at *3 (3d Cir. 2012) (unreported)(citations omitted). Once properly invoked, "[t]he defendant bears the burden of establishing that his or her need for disclosure is greater than the purpose behind the privilege." *Chao v. Raceway Petroleum, Inc.,* 2008 WL 2064354 at *3 (D. N.J. May 14, 2008)(unreported).

The Court finds that the privilege was properly invoked, so that the next question is whether the need for disclosure is greater than the purpose behind the privilege. Defendants claim that the Personal Interview Statements contain redactions including not only the identity of the interviewed employees, but also the amount of wages that each individual earned per hour, the dates that they claim to have not been paid, and the job titles of the individuals. [Doc. 21 at 3](). Importantly, the Secretary has acknowledged that these informants are "intended trial witnesses," and therefore, the Court sees little purpose in delaying the disclosure until post-discovery. [Doc. 24 at 7](). Additionally, and importantly, as to the public interest concerns about revealing the identity of informers, thus subjecting them to potential retaliation, there have been no allegations that a retaliatory motive is at play, which is, of course, statutorily prohibited and actionable. Accordingly, the Court will decline the Secretary's request to wait until the summary judgment phase of the proceedings to permit disclosure of the informers as such delay would needlessly slow down this case. The Court finds this evidence in its unredacted format is vital to a fair determination of this cause of action, and otherwise advances the goals of Rule 26.

As for DOL 5-13, which is a document entitled a "Narrative," whereby Wage and Hour Investigator Crystal Bibri describes those who are the subject of the investigation, summarizes facts obtained during the investigation, and sets forth her impressions, recommendations and pre-decisional opinions about the case, the Court will decline Defendants' request for the unredacted narrative (aside from the identities of the informers), because this memo is deliberative in nature, contains opinions and mental impressions of Investigator Bibri, which were prepared in anticipation of litigation, and also is protected from disclosure under Fed. R. Civ. P. 26(b)(3). *N.L.R.B. v. Sears, Roebuck & Co.,* 421 U.S. 132, 150.

Accordingly, Defendants' Motion to Compel is GRANTED as to DOL 71-102, but DENIED as to DOL 5-13. Said documents shall be produced by 3/12/2018.

So Ordered, this 2nd day of March, 2018

s/Arthur J. Schwab
The Honorable Arthur J. Schwab
United States District Judge

cc: All counsel of record