IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

R. ALEXANDER ACOSTA, *Secretary of Labor, United States Department of Labor*,

*Plaintiff,*

v.

HEART II HEART, LLC, *a company*, and TONI CHANDLER DUNCAN, *individually, and as owner, and as corporate officer of the aforementioned company,*

*Defendants.*

Civil Action No. 2:17-cv-1242

Hon. William S. Stickman, IV

## ORDER OF COURT

AND NOW, this 3d day of October, 2019, it is hereby ORDERED that Defendants', Heart II Heart, LLC's and Toni Chandler Duncan's, Motion for Partial Summary Judgment (ECF No. 53) is DENIED.

First, the Court holds as a matter of law that the non-court approved settlement agreements resolving the lawsuits brought by three former employees - Tiffany Boltzer, Alexandria Prentice and Crystal Waits - against Defendants in the Court of Common Pleas of Allegheny County, Pennsylvania, do not release Defendants from Fair Labor Standards Act ("FLSA") claims. Not only are the release provisions in the settlement agreements invalid, as FLSA rights cannot be waived under the circumstances of those cases, but the Court agrees with the arguments set forth by the Secretary of Labor ("Secretary") in his pleadings that the general releases in those agreements cannot bar, in whole or in part, the Secretary's action pursuant to

the FLSA and interpreting case law. Moreover, those releases were executed only by, and are only binding upon, the parties to the state-court actions. The Secretary was not a party to those actions or to the releases. *The Secretary* is not precluded by the releases from proceeding in this action, even to the extent that it involves alleged violations of the FLSA with regard to Tiffany Boltzer, Alexandria Prentice and Crystal Waits.

Second, the Court holds that summary judgement is not warranted on Defendants' claim that twelve employees (*i.e.*, Tiffany Blotzer, Virginia Charles, Sharnette Crite-Evans, William (Shawn) Elliot, E'reek Hopkins, Kemi Lay, Constance Mack, Kelli Mason, Tameka Millander, Derrick Shedrick, Crystal Waits and Grace Watters) were exempt from FLSA's minimum wage and overtime requirements under either the executive employee exemption, 29 C.F.R. § 541.100(a)(1)-(4) or the administrative employee exception, 29 C.F.R. § 541.200(a)(1)-(3). The record before the Court does not plainly and unmistakably demonstrate that each of the twelve individuals met each of the requirements for either of the exemptions. It is the Defendants' burden to adduce sufficient facts to establish the applicability of the claimed exemptions. The record currently before the Court does not do so.

With regard to the salary component of both exemptions, a review of the record demonstrates several areas where Defendants have failed to sufficiently demonstrate that they are entitled to the exemptions. Indeed, the record shows: (1) the employees were not actually paid on a salary basis because they did not receive a predetermined amount every pay period, *see generally* Pl.'s App. (ECF No. 67) Ex. P; *see also* Defs.' App. (ECF 56) Ex. 4 at 9-10; (2) several employees did not receive the minimum weekly salary guarantee for at least one pay period, *see* Defs.' App. (ECF No. 56), Ex. 4 at 18; Pl.'s App. (ECF No. 67) Ex. P at 1-2, 6-7, 12, 17-18, 20-40, 43, 49-50, 58, 70, 79-82, 83-89; and, (3) some employees received less than the

$455 per week required by the regulations, *see* Pl.'s App. (ECF No. 67) Ex. P at 9, 16, 20-23, 31. Additionally, Defendant Duncan admitted that some employees (*i.e.*, Tiffany Boltzer, Kemi Lay, and Kelli Mason [1]) were paid hourly. *See* Pl.'s App. (ECF No. 59) Ex. B, Duncan Dep. 249:25-250:12, 276:3-276:12, 361:3-17. To obtain summary judgment, the Defendants have to show that the record plainly and unmistakably demonstrates that the employees were paid according to the statutorily mandated salary requirement. They have not met this burden.

Defendants also failed to point to specific evidence of record that demonstrates that the employees met the duties requirements of the executive employee or the administrative employee exceptions. The proffered job descriptions for the twelve employees (Defs.' App. (ECF 56) Ex. 5) do not prove that they *actually performed* the duties listed therein. Defendants failed to offer evidence showing that each of the twelve employees had the discretion and independent judgment over matters of significance or that they had the authority to: formulate or implement management policies or practices; deviate from established policies and procedures without prior approval; negotiate and bind the company on significant matters; formulate business objectives; hire or fire other employees or make recommendations on the same; and, make independent choices on significant matters that were not clerical, secretarial, or repetitive, recurrent or routine work. *See* 29 C.F.R. §541.200(a)(1)-(3); 29 C.F.R. §541.100(a)(1)-(4). Defendants simply have not adduced sufficient evidence to prove that the executive employee exemption or the administrative employee exception applied to Tiffany Blotzer, Virginia Charles, Sharnette Crite-Evans, William (Shawn) Elliot, E'reek Hopkins, Kemi Lay, Constance Mack, Kelli Mason, Tameka Millander, Derrick Shedrick, Crystal Waits, Grace Watters. Summary judgment cannot be granted.

---

[1] In their Declarations, Tiffany Boltzer, Kemi Lay and Kelli Mason state they were paid hourly. *See* Pl.'s App. (ECF No. 59) Ex. J.; *See also* Pl.'s App. (ECF No. 67) Exs. Q & R.

Finally, the Court denies Defendants' Motion for Summary Judgment on the question of whether the record precludes a finding that Plaintiff may recover liquidated damages. The Court will address the matter of Plaintiff's entitlement to liquidated damages in a forthcoming Order and Opinion resolving Plaintiff's Motion for Partial Summary Judgment.

BY THE COURT:

/s/ William S. Stickman IV
WILLIAM S. STICKMAN, IV
UNITED STATES DISTRICT JUDGE